### RICHARD UPJOHN *vs.* THE INHABITANTS OF TAUNTON.

The inhabitants of a town, having voted to build a town-house according to a plan and specifications agreed upon, and appointed a committee to contract for and superintend the erection of the same, " with power to make any slight altera-tion in the plan which should in their wisdom be deemed just and proper ; " it was held, that whether the authority given to the committee to make such slight

alterations would justify them in employing an architect to draw plans for the purpose, was a question for the jury.

THIS was an action of assumpsit to recover for services rendered by the plaintiff, in drawing plans for the building of a new town-hall in Taunton, tried before *Dewey*, J., and by him reported for the consideration of the whole court.

The defendants, at a legal meeting held on the 9th of August, 1847, called, among other things, " to hear the report of a committee, chosen by the town, to take into consideration the expediency of building a new town-house on the land upon which the old one now stands, and to appropriate a sum of money to build said house," accepted the report and adopted the same.

The report stated, that the committee had procured a plan from Earl E. Rider, of Taunton, which plan they submitted with their report, together with estimates for a building according to the same. The plan was described in detail, in the report, as to the dimensions of the building, and the number and dimensions of the several rooms, and the materials of which it was to be constructed; and the committee recommended, that the old town-house should be taken down, and the ground prepared, and the sum of ten thousand dollars appropriated for the purpose of the erection of a town-house according to the plan proposed. The committee also recommended, that a committee of five persons should be chosen, to contract for and superintend the erection of the new town-house, " with power to make any slight alteration in the plan above submitted, as should in their wisdom be deemed just and proper." The report was accepted, and the committee was appointed accordingly.

At a subsequent meeting of the defendants, held on the 1st of November, 1847, called, among other things, " to see if the town will accept the proposal of Marcus Morton and others, to change the location of the town-hall," it was voted to enlarge the building committee by the addition of two persons.

The committee, as thus constituted, voted to employ the plaintiff, to make plans for the new town-house; and a letter was written to him accordingly for that purpose, by one of the members in behalf of the committee, dated January 27th.

1848 ; in pursuance of which, the plaintiff made the plans which were the subject of this action.

The defendants, afterwards, at a legal meeting held on the 3d of February, 1848, enlarged the building committee by the addition of four persons, and the committee commenced building on the plan originally adopted by the town. The plaintiff's plans were not sent by him to the committee until recently before the action, and were not used. Before they were completed, the plaintiff was told by the member of the committee through whom he was employed, that the town had commenced building from other plans, and after the plaintiff's plans were completed, he was notified not to send them to the committee for the same reason.

The defendants contended, upon the foregoing and other evidence not material to be stated, that the building committee were not authorized, under the votes and proceedings of the town, to employ the plaintiff or to render the defendants liable for his services, in preparing plans as above stated, and requested the presiding judge so to rule.

The case was submitted to the jury upon the whole evidence, with instructions, that so far as the agency of the committee was a limited one, under the votes of the town, their powers were to be thus limited ; that the business committed to them was the erection of a town-house, the general plan, size, and expense of which, had been settled by the defendants ; that the jury should consider, whether the employment of an architect might not be proper, under the authority given to the committee, as to making alterations ; and if they should be satisfied that the slight alterations authorized by the vote of August 9th, 1847, would not embrace any modifications of the plan of the building as to its exterior, or any expenditure therefor , then the employment of the plaintiff was unauthorized, and no liability attached to the town therefor ; but on the other hand, if such employment of the plaintiff, for the purposes aforesaid, was reasonably embraced in the exercise of the authority given them to act in this matter, on the votes referred to, the defendants would be liable to the plaintiff, for the services rendered by him at the request of the committee.

The jury returned a verdict for the plaintiff.

*T. D. Eliot*, for the defendants.

*N. Morton*, for the plaintiff.

DEWEY, J.    The only question, properly before us as a question of law, as it seems to us, is, whether the vote of the town of Taunton, at the meeting holden on the 9th of August, 1847, authorized their committee to employ the plaintiff, as an architect, to make a further plan for the town-house proposed to be erected by the town.    At this meeting, the town passed a vote, describing with much detail a plan for the town-house, its mode of construction and cost, and stating that the plan was drawn by one Rider; and further voted, " that a committee of five persons be chosen, to contract for and superintend the erection of said town-house, with power to make any slight alteration  in the plan above submitted, as shall in their wisdom be deemed just and proper."

Did this vote authorize the employment of the plaintiff? It certainly contemplated something beyond the mere naked carrying out of the plan of Rider, in all its details.    Something was left " to the wisdom of the committee."    The court are of opinion, that it was properly left to the jury to find, as a matter of fact, whether the small alterations, which the committee were authorized to make, would justify the employment of an architect, and the making of further plans.    It was a practical question, and as such was submitted to the jury, and we cannot say that their verdict was unauthorized.    Slight alterations in the exterior might require the hand of an architect, to arrange and adapt the various parts thereto, and present a model for the builder.

Whether the warrant for the meeting of November 1st would authorize the appointment of the two additional members of this committee, we have not particularly considered, as the right of the plaintiff to recover in the present case does not seem to turn upon that point.    There is nothing to lead us to suppose, that a majority of the committee of five did not concur in the vote requesting the plaintiff to perform this service, and that the employment of the plaintiff was not sanctioned by that committee, or by a majority of the members;

and we are not aware that there was any request to have the question passed upon as a matter of fact by the jury.  Had the point been distinctly taken, and the jury had found, that independent of the two additional members of the committee, there was not a majority of the committee of five that voted to employ the plaintiff, the further question would have been, whether the two members added to the committee were properly placed there.   Upon the point submitted to the jury, the court are of opinion, that the instructions were correct, and judgment must be rendered on the verdict.